**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ABRAHAME DESTA,

     Plaintiff,

-vs-

BANK OF AMERICA, NATIONAL
ASSOCIATION, WELLS FARGO BANK,
N.A., CREDIT FIRST NATIONAL
ASSOCIATION, and JPMORGAN CHASE
BANK, N.A.,

     Defendants.

CASE NO.:

## <u>COMPLAINT</u>

Plaintiff, ABRAHAME DESTA (hereinafter "Plaintiff"), sues Defendants, BANK OF AMERICA, NATIONAL ASSOCIATION, WELLS FARGO BANK, N.A., CREDIT FIRST NATIONAL ASSOCIATION, and JPMORGAN CHASE BANK, N.A. (hereinafter collectively "Defendants), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## <u>PRELIMINARY STATEMENT</u>

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## <u>JURISDICTION</u>

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.     Venue is proper in this District as Plaintiff is a natural person and a resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Defendants conduct business within this District.

5.     Plaintiff is a "consumer" as defined by the FCRA.

6.     Bank of America, National Association ("BOA") is a national bank with its principal place of business located at 100 North Tryon St, Charlotte, NC 28255 and is authorized to conduct business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

7.     BOA is a "furnisher of information" as defined by the FCRA.

8.     Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank with its principal place of business located at 420 Montgomery St, San Francisco, CA 94163 and is authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

9.     Wells Fargo is a "furnisher of information" as defined by the FCRA.

10.    Credit First National Association ("Credit First") is a national bank with its principal place of business located at 6275 Eastland Rd, Brook Park, OH 44142 that conducts business in the State of Florida.

11.    Credit First is a "furnisher of information" as defined by the FCRA.

12.    JPMorgan Chase Bank, N.A. ("Chase Bank") is a national bank with its principal place of business located at 111 Polaris Pkwy, Columbus, OH 43240 and is authorized to conduct

business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

13.     Chase Bank is a "furnisher of information" as defined by the FCRA.

### FACTUAL ALLEGATIONS

14.     Plaintiff is a victim of identity theft whereby an unknown thief or thieves have used Plaintiff's personal identifying information to open credit accounts with several institutions, including but not limited to Defendants, BOA, Wells Fargo, Credit First, and Chase Bank.

15.     Approximately two years ago, Plaintiff began disputing these accounts and let Defendants know the accounts were not his.

16.     These accounts previously appeared on Plaintiff's credit files.

17.     Plaintiff brought suit against several credit reporting agencies in order to have these accounts removed from his credit files.

18.     Plaintiff has repeatedly disputed these accounts with credit reporting agencies (as defined by the FCRA) including TransUnion, Experian, and Equifax.

19.     Each of those entities received a dispute from Plaintiff and conducted a reinvestigation pursuant to the FCRA.

20.     The reinvestigations of the credit reporting agencies triggered an investigation pursuant to the FCRA by BOA.

21.     BOA failed to conduct a reasonable investigation into Plaintiff's disputes and verified the false information it is furnishing to credit reporting agencies.

22.     BOA ignored the information Plaintiff provided with his disputes to the credit bureaus and continues to furnish false information to credit reporting agencies about the account still to this day.

23.    The reinvestigations of the credit reporting agencies triggered an investigation pursuant to the FCRA by Wells Fargo.

24.    Wells Fargo failed to conduct a reasonable investigation into Plaintiff's disputes and verified the false information it is furnishing to credit reporting agencies.

25.    Wells Fargo ignored the information Plaintiff provided with his disputes to the credit bureaus and continues to furnish false information to credit reporting agencies about the account still to this day.

26.    The reinvestigations of the credit reporting agencies triggered an investigation pursuant to the FCRA by Credit First.

27.    Credit First failed to conduct a reasonable investigation into Plaintiff's disputes and verified the false information it is furnishing to credit reporting agencies.

28.    Credit First ignored the information Plaintiff provided with his disputes to the credit bureaus and continues to furnish false information to credit reporting agencies about the account still to this day.

29.    The reinvestigations of the credit reporting agencies triggered an investigation pursuant to the FCRA by Chase Bank.

30.    Chase Bank failed to conduct a reasonable investigation into Plaintiff's disputes and verified the false information it is furnishing to credit reporting agencies.

31.    Chase Bank ignored the information Plaintiff provided with his disputes to the credit bureaus and continues to furnish false information to credit reporting agencies about the account still to this day.

32.    As a result of the actions and/or inactions of the Defendants, Plaintiff's credit scores have dropped.

33.    As a result of the actions and/or inactions of the Defendants, Plaintiff is unable to utilize his otherwise good credit in the ways he would like to.

34.    As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered from loss of time, loss of sleep, worry, anger, fear, frustration, embarrassment, and anger.

## CAUSES OF ACTION

### COUNT I
**Violations of the Fair Credit Reporting Act**
**As to Defendant, Bank of America, National Association**

35.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

36.    BOA furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

37.    BOA violated 15 U.S.C. §1681s-2(b) by failing to take the following actions:

a.    Fully and properly investigate the Plaintiff's dispute of its inaccurate representations;

b.    Review all relevant information regarding the Plaintiff's dispute of its inaccurate representations;

c.    Correctly report results of an accurate investigation to every other credit reporting agency; and

d.    Permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

38.     Further, BOA violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

39.     BOA did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to it by the Plaintiff in connection with his dispute of the account in question. Instead, it knowingly chose to follow procedures which it did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

40.     As a result of the conduct, action, and inaction of BOA, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

41.     BOA's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

42.     Plaintiff is entitled to recover reasonable attorney's fees and costs from BOA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or § 1681o.

**WHEREFORE,** Plaintiff, ABRAHAME DESTA, respectfully requests that this Court grant the following:

    a.  Find in favor of Plaintiff and against Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, for violations of 15 U.S.C. §1681s-2(b);

b.  Award statutory, actual and punitive damages against Defendant to Plaintiff;

c.  Award Plaintiff his reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. §1681n and/or § 1681o; and

d.  Grant all such additional relief as this Court may deem just and proper.

<u>**COUNT II**</u>
**Violations of the Fair Credit Reporting Act**
**As to Defendant, Wells Fargo Bank, N.A.**

43.  Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

44.  Wells Fargo furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

45.  Wells Fargo violated 15 U.S.C. §1681s-2(b) by failing to take the following actions:

a.  Fully and properly investigate the Plaintiff's dispute of its inaccurate representations;

b.  Review all relevant information regarding the Plaintiff's dispute of its inaccurate representations;

c.  Correctly report results of an accurate investigation to every other credit reporting agency; and

d.  Permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

46.  Further, Wells Fargo violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

47.     Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to it by the Plaintiff in connection with his dispute of the account in question. Instead, it knowingly chose to follow procedures which it did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

48.     As a result of the conduct, action, and inaction of Wells Fargo, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

49.     Wells Fargo's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or § 1681o.

**WHEREFORE,** Plaintiff, ABRAHAME DESTA, respectfully requests that this Court grant the following:

a.  Find in favor of Plaintiff and against Defendant, WELLS FARGO BANK, N.A., for violations of 15 U.S.C. §1681s-2(b);

b.  Award statutory, actual and punitive damages against Defendant to Plaintiff;

c.  Award Plaintiff his reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. §1681n and/or § 1681o; and

d.  Grant all such additional relief as this Court may deem just and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act
### As to Defendant, Credit First National Association

51.  Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

52.  Credit First furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

53.  Credit First violated 15 U.S.C. §1681s-2(b) by failing to take the following actions:

a.  Fully and properly investigate the Plaintiff's dispute of its inaccurate representations;

b.  Review all relevant information regarding the Plaintiff's dispute of its inaccurate representations;

c.  Correctly report results of an accurate investigation to every other credit reporting agency; and

d.  Permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

54.  Further, Credit First violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

55. Credit First did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to it by the Plaintiff in connection with his dispute of the account in question. Instead, it knowingly chose to follow procedures which it did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

56. As a result of the conduct, action, and inaction of Credit First, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

57. Credit First's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

58. Plaintiff is entitled to recover reasonable attorney's fees and costs from Credit First in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or § 1681o.

**WHEREFORE,** Plaintiff, ABRAHAME DESTA, respectfully requests that this Court grant the following:

a. Find in favor of Plaintiff and against Defendant, CREDIT FIRST NATIONAL ASSOCIATION, for violations of 15 U.S.C. §1681s-2(b);

b. Award statutory, actual and punitive damages against Defendant to Plaintiff;

     c.   Award Plaintiff his reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. §1681n and/or § 1681o; and

     d.   Grant all such additional relief as this Court may deem just and proper.

### COUNT IV
### Violations of the Fair Credit Reporting Act
### As to Defendant, JPMorgan Chase Bank, N.A.

59.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

60.    Chase Bank furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

61.    Chase Bank violated 15 U.S.C. §1681s-2(b) by failing to take the following actions:

     a.   Fully and properly investigate the Plaintiff's dispute of its inaccurate representations;

     b.   Review all relevant information regarding the Plaintiff's dispute of its inaccurate representations;

     c.   Correctly report results of an accurate investigation to every other credit reporting agency; and

     d.   Permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

62.    Further, Chase Bank violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

63.     Chase Bank did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to it by the Plaintiff in connection with his dispute of the account in question. Instead, it knowingly chose to follow procedures which it did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

64.     As a result of the conduct, action, and inaction of Chase Bank, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

65.     Chase Bank's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

66.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Chase Bank in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or § 1681o.

**WHEREFORE,** Plaintiff, ABRAHAME DESTA, respectfully requests that this Court grant the following:

   a.  Find in favor of Plaintiff and against Defendant, JPMORGAN CHASE BANK, N.A., for violations of 15 U.S.C. §1681s-2(b);

   b.  Award statutory, actual and punitive damages against Defendant to Plaintiff;

c. Award Plaintiff his reasonable attorney's fees and costs of this action pursuant to

15 U.S.C. §1681n and/or § 1681o; and

d. Grant all such additional relief as this Court may deem just and proper.

DATED this 23rd day of May, 2023.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Attorney for Plaintiff*